UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN EDWARD ROACH,<br><br>                Petitioner,<br>  v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | No. 09-5155FDB/JRC<br><br>ORDER TO SHOW CAUSE WHY THIS PETITION SHOULD NOT BE DISMISSED |

      The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrate Judges' Rules MJR 3 and MJR 4. The matter is before the court for review of the petition prior to service.

      The court notes two defects in the petition. The court first notes that petitioner does not appear to be in custody. Petitioner lists his residence as an address in Puyallup. Under 28

Order to Show Cause - 1

U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. The custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. Hensley v. Municipal Court, San Jose Milpitas Judicial District, 411 U.S. 345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under attack at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). A habeas petitioner is in custody if a previously expired sentence has been used to enhance the length of a sentence of a later conviction. Maleng, 490 U.S. at 490. Federal courts have broadly construed the term "in custody" to include periods of probation, parole, and supervised release. United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988), cert. denied, 493 U.S. 809 (1989); Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993), cert. denied, 510 U.S. 1110 (1994).

The second defect in the petition is the fact that petitioner names the State of Washington as the Respondent. 28 U.S.C. § 2243 indicates that writs are to be directed "to the person having custody of the person detained." This person typically is the superintendent of the facility in which the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). When a person is no longer in custody in the traditional sense of the word, but may be subject to future custody due to the effects of the state conviction, the proper respondent is the Attorney General of the state in which the judgment was entered. 28 U.S.C. § 2254, Rule 2 advisory committee's note (b) (3).

Petitioner is Ordered to Show Cause why this petition should not be dismissed prior to service based on these defects. A Response to the Order to Show Cause will be due on or before May 15, 2009.

The clerk is directed to send a copy of this order to petitioner and note the May 15, 2009 deadline on the court's calendar.

DATED this 17th day of April, 2009.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

Order to Show Cause - 3