UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN EDWARD ROACH,<br><br>    Petitioner,<br><br> v.<br><br>ELDON VAIL,<br><br>    Respondent. | CASE NO. C09-5155 FDB/JRC<br><br>REPORT AND<br>RECOMMENDATION<br>TO DENY RESPONDENTS'<br>MOTION TO DISMISS<br><br>Noted For: January 8, 2010 |

  The underlying Petition for a Writ of Habeas Corpus has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. Petitioner is seeking federal habeas relief, pursuant to 28 U.S.C. § 2254, from a 2006 state court conviction for assault of a child in the second degree. The Pierce County Superior Court sentenced him to 41months incarceration plus community supervision after release (Dkt. # 1).

  Respondent has filed a Motion to Dismiss in lieu of an answer (Dkt. # 16). Respondent argues petitioner was not in custody for the purposes of Habeas Corpus when he filed his petition. Respondent is using the date the Amended Petition was filed, July 27, 2009 (Dkt. # 7).

The original petition was filed March 24, 2009, while petitioner was still under community supervision (Dkt. # 1). Petitioner has responded and argues the writ should now be granted (Dkt. # 17).

DISCUSSION

Pursuant to 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. The custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. <u>Hensley v. Municipal Court, San Jose Milpitas Judicial District, Santa Clara County</u>, 411 U.S. 345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under attack at the time the petition is filed. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989); <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968).

Federal courts have broadly construed the term "in custody" to include periods of probation, parole, and supervised release. <u>United States v. Spawr Optical Research, Inc.</u>, 864 F.2d 1467, 1470 (9th Cir. 1988), <u>cert. denied</u>, 493 U.S. 809 (1989); <u>Dow v. Circuit Court of the First Circuit</u>, 995 F.2d 922, 923 (9th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1110 (1994).

At the time petitioner filed the original complaint he was still under community supervision, which qualifies as being in custody. Community supervision was terminated May 7, 2009 (Dkt. # 16, Exhibit 3, Chronological note dated 5/7/2009). The court ordered petitioner to amend the petition on July 16, 2009, as he had named the State of Washington as a respondent rather than the person who had custody over him.

The doctrine of relation back is applicable to this situation and is properly applied to habeas corpus actions. <u>Mayle v. Felix,</u> 545 U.S. 644 (2005). The amended petition relates back

to March 24, 2009, when the original was filed. Accordingly, petitioner was in custody at the time of filing the petition. Therefore, Defendant's Motion to Dismiss should be **DENIED**.

Petitioner argues the writ should now be granted (Dkt. # 17). There is no default in habeas corpus. Gordan v. Duran, 895 F.2d 610 (9th Cir. 1990). A decision on the merits requires an answer so the court may determine if petitioner is entitled to relief. Therefore, Respondent should be ordered to answer the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **January 8, 2010**, as noted in the caption.

DATED this 2nd day of December, 2009.

J. Richard Creatura
United States Magistrate Judge